UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT L. YOHO, | ) |
| Plaintiff, | ) No. CV-10-158-JPH |
| | ) |
| v. | ) ORDER GRANTING DEFENDANT'S |
| | ) MOTION FOR SUMMARY JUDGMENT |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on September 23, 2011[1] (ECF No. 17, 20). Attorney Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney Kathryn Miller represents the Commissioner of Social Security (Commissioner). The parties have consented to proceed before a magistrate judge (ECF No. 8). On June 6, 2011, plaintiff filed a reply (ECF No. 22). After reviewing the administrative record and the briefs filed by the parties, the court **grants** defendant's motion for summary judgment (**ECF No. 20**) and **DENIES** plaintiff's motion for summary judgment (ECF No. 17).

### JURISDICTION

Plaintiff protectively applied for disability insurance

---

[1]Because the briefing is complete the court considers the matter before the hearing date.

(DIB) and social security income (SSI) benefits on May 23, 2007, alleging disability beginning March 18, 2007, due to neck and back pain, and mental problems (Tr. 105-119, 173). The applications were denied initially and on reconsideration (Tr. 70-73, 78-79, 81-82).

At a hearing before Administrative Law Judge (ALJ) Paul Gaughen on March 18, 2009, plaintiff, represented by counsel, psychologist W. Scott MAbee, Ph.D., and a vocational expert testified (Tr. 33-65). On April 23, 2009, the ALJ issued an unfavorable decision (Tr. 14-26). The Appeals Council denied Mr. Yoho's request for review on April 23, 2010 (Tr. 1-3). The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on May 19, 2010 (ECF No. 1,4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of the parties, and are briefly summarized here where relevant.

Plaintiff was 39 years old at onset (Tr. 105). He has a tenth grade education and has worked as a school bus driver, tow truck operator, general laborer, and automotive mechanic (Tr. 59, 297). Mr. Yoho testified back pain caused him to stop working in March 2007 (Tr. 44, 46). Since a snowmobile accident[2] he experiences

---

[2]Plaintiff has indicated the snowmobile accident occurred in 1989 (334), 1990 (Tr. 293), 2000 (Tr. 173, 306), February 2000 (Tr. 280), and January 2001 (Tr. 284).

sleep problems, upper and lower back pain, left leg pain that
extends to the bottom of the left foot, and hand numbness (Tr. 46-
47, 51). For the past three years he has experienced neck pain,
and left arm pain that extends to his fingers and causes him to
drop things (Tr. 47-49). Plaintiff can sit and stand 30-45
minutes, walk a half mile, and lift ten pounds (Tr. 50-51). He
watches television, reads magazines, visits friends, drives, and
does dishes and laundry with rest breaks (Tr. 52-53, 55).
Plaintiff stopped drinking two years before the hearing (i.e., in
2007) and quit using marijuana prior to his last treatment for
drug and alcohol abuse (DAA)[3]. He suffers depression (Tr. 53-54).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the
"inability to engage in any substantial gainful activity by reason
of any medically determinable physical or mental impairment which
can be expected to result in death or which has lasted or can be
expected to last for a continuous period of not less than twelve
months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also
provides that a Plaintiff shall be determined to be under a
disability only if any impairments are of such severity that a
plaintiff is not only unable to do previous work but cannot,
considering plaintiff's age, education and work experiences,
engage in any other substantial gainful work which exists in the
national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

---

[3] Plaintiff has said he was in treatment, or records show that he
was, in 1987, 1989, 1991, 2001, 2002, and 2003 (Tr. 167, 297,
302, 444, 453).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 3 -

1   Thus, the definition of disability consists of both medical and
2   vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156
3   (9th Cir. 2001).

4        The Commissioner has established a five-step sequential
5   evaluation process for determining whether a person is disabled.
6   20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person
7   is engaged in substantial gainful activities. If so, benefits are
8   denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not,
9   the decision maker proceeds to step two, which determines whether
10  plaintiff has a medically severe impairment or combination of
11  impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

12       If plaintiff does not have a severe impairment or combination
13  of impairments, the disability claim is denied. If the impairment
14  is severe, the evaluation proceeds to the third step, which
15  compares plaintiff's impairment with a number of listed
16  impairments acknowledged by the Commissioner to be so severe as to
17  preclude substantial gainful activity. 20 C.F.R. §§
18  404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P,
19  App. 1. If the impairment meets or equals one of the listed
20  impairments, plaintiff is conclusively presumed to be disabled.
21  If the impairment is not one conclusively presumed to be
22  disabling, the evaluation proceeds to the fourth step, which
23  determines whether the impairment prevents plaintiff from
24  performing work which was performed in the past. If a plaintiff is
25  able to perform previous work, that Plaintiff is deemed not
26  disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At
27  this step, plaintiff's residual functional capacity (RFC)
28  assessment is considered. If plaintiff cannot perform this work,

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 4 -

the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. *Hoffman v. Heckler*, 785 F.3d 1423, 1425 (9th Cir. 1986). The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (1999).

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett,* 180 F.3d at 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is

more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

The ALJ found Mr. Yoho was insured through September 30, 2008, for purposes of his DIB claim (Tr. 19). The ALJ found at step one that plaintiff did not work after onset (Tr. 19). At steps two and three, he found plaintiff suffers from spondylosis and bilateral foraminal narrowing of the lumbar spine, depression, and a substance abuse/dependence disorder (DAA)(alcohol), impairments that are severe but do not meet or medically equal the severity of a Listed impairment (Tr. 19, 22). At step four, he found plaintiff is unable to perform his past work (Tr. 25). At step five, relying on the vocational expert, the ALJ found there is other work plaintiff can do, such as production assembly (Tr. 26). The ALJ concluded plaintiff was not disabled as defined by the Social Security Act during the relevant period (Tr. 26).

**ISSUES**

Plaintiff alleges the ALJ erred when he weighed the medical evidence and assessed credibility (ECF No. 18 at 10-19). The Commissioner asserts the ALJ's decision is supported by substantial evidence and free of legal error. He asks the Court to affirm (ECF No. 21 at 4).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                    - 7 -

shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the

treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9ᵗʰ Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9ᵗʰ Cir. 1995).

**B. Credibility**

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible (Tr. 23). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9ᵗʰ Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9ᵗʰ Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9ᵗʰ Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9ᵗʰ Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9ᵗʰ Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9ᵗʰ Cir. 1993).

There is no evidence of malingering. The ALJ gave several clear and convincing reasons for his credibility assessment,

including (1) infrequent medical treatment for allegedly disabling conditions; (2) objective evidence does not support current complaints, and (3) evidence of secondary gain motivation (Tr. 23). In addition, although not explicitly relied on by the ALJ, plaintiff has inconsistently reported his DAA. He told Dr. Arnold he quit using marijuana in January 2006 (Tr. 297). Mr. Yoho testified he stopped using it before he last entered treatment about twelve years ago (Tr. 53).

(1) *Infrequent treatment*. The ALJ observes plaintiff's allegedly disabling limitations are undercut by his lack of consistent medical treatment. Plaintiff has sporadically sought treatment for allegedly recurrent neck and back pain, and has almost no record of mental health treatment. Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment casts doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597. 603 (9th Cir. 1989).

(2) *Objective evidence does not support current complaints*. Once a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the severity alleged, but it is one factor the ALJ may consider. See *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991)(en banc). Plaintiff testified he suffered torn hip cartilage. The ALJ points out medical testing does not support plaintiff's statement (Tr. 23). There is nothing in the medical record to explain plaintiff dropping things "all the time," as he alleged (Tr. 49). An MRI in April 2007 showed mild

bilateral apophyseal spondylosis and posterior disc bulges at L4-L5 and L5-S1, and a small left foraminal disc bulge at L4-L5 without nerve root compression or displacement (Tr. 317). Another in April 2008 shows mild multilevel disc degeneration, moderate right and mild to moderate left neural foraminal narrowing at C5/6 and mild to moderate bilateral neural foraminal narrowing at C6/7 (Tr. 417-418). Plaintiff reported improved back pain in June 2008 (Tr. 401)

(3) *Secondary gain*. The ALJ notes plaintiff sought no treatment in 2006[4]. In April 2007 he asked for state general assistance based on allegedly chronic back pain (Tr. 20, 23). Plaintiff's infrequent treatment contradicts his assertion he suffers severe chronic or ongoing back pain (Tr. 23). As the Commissioner accurately observes, Mr. Yoho has a poor work history. He told Dr. Arnold in 2007 he quits jobs after 3 to 4 months due to boredom. This is an indication plaintiff is motivated by secondary gain rather than disability. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008)(inferring a financial reserve motivated plaintiff not to work, rather than medical condition, is not unreasonable and supports an adverse credibility determination). An extremely poor work history and showing little propensity to work in one's lifetime is a specific, clear, and convincing reason to discredit a claimed inability to work. *See Thomas v. Barnhart*, 278 F.2d 947, 959 (9th Cir. 2002).

The ALJ correctly relied on several factors, including infrequent treatment, lack of objective medical evidence

---

[4]It appears in 2006 plaintiff went to the CHAS clinic once, after he fell and hit his head (Tr. 337-338).

supporting claimed limitations, and secondary gain motive when he found plaintiff less than completely credible. Plaintiff's inconsistent statements also support the ALJ's finding.

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record.

**C. John Arnold, Ph. D. - 2006 and 2007**

Plaintiff contends the ALJ failed to properly credit the 2006 and 2007 opinions of examining psychologist Dr. Arnold, specifically Dr. Arnold's assessed moderate limitation in the ability to relate appropriately to coworkers and supervisors (ECF No. 18 at 14). The Commissioner responds that the ALJ's RFC and hypothetical are supported by the record, and adequately capture Drs. Arnold and Mabee's restrictions (ECF No. 21 at 12).

In February 2006 plaintiff told Dr. Arnold he has trouble keeping jobs because he fights and "sabotages" his employment. His longest job was six months. He has never had mental health treatment. He used marijuana daily for 18 months but stopped a month earlier, in January 2006; he binged on alcohol on and off during the previous year (Tr. 297). He lived on his parents' property the last nine years, does little housework or cooking, and drives. Hobbies include mud racing, tinkering with cars and trucks, and attending motorcycle and drag races. Mr. Yoho is an "adrenaline junkie." MMPI-2 results were invalid suggesting he over-reported psychological problems. Dr. Arnold assessed a GAF of 60 indicating moderate symptoms or functional difficulty (Tr. 298).

At the second evaluation about a year later (April 2007), plaintiff said he really was not sure why he cannot work. He quits

jobs after 3-4 months because he it is not fun anymore. He has
constant back pain (Tr. 301). He has had no mental health
treatment. He quit using marijuana and alcohol on January 16, 2007
(Tr. 302). Dr. Arnold assessed a GAF of 65 indicating no more than
mild symptoms or difficulty functioning (Tr. 303). Dr. Mabee, the
testifying expert, largely adopted Dr. Arnold's opinion (see
below). In turn, the ALJ largely adopted Dr. Mabee's assessed
limitations.

**D. W. Scott Mabee, Ph.D.**

After reviewing the record Dr. Mabee testified plaintiff's
mental health history consists principally of Dr. Arnold's
evaluations rather than treatment (Tr. 37). He notes Dr. Arnold
first diagnosed alcohol dependence, marijuana dependence in early
full remission, subclinical depression, and a mixed personality
disorder (Tr. 37). About a year later, Dr. Arnold added somatoform
features, changed subclinical depression to dysthymia, and added a
rule out diagnosis of borderline intellectual functioning (Tr. 37-
38). Dr. Mabee points out Dr. Arnold's GAFs are in the mild to
very low end of the moderate range (60 to 65)(Tr. 38). A treatment
provider notes a history of alcoholism and plaintiff's statement
in April of 2008 that he quit drinking in January 2007, as Dr.
Mabee observes (Tr. 38).

Dr. Mabee then diagnosed dysthymia (12.04), mixed personality
disorder (12.08), and alcohol dependence in remission as of
January 2007 (12.09)(Tr. 38). He assessed several moderate
limitations: understanding, remembering and carrying out complex
instructions, making judgments regarding complex work-related
decisions, and dealing with the public and supervisors (Tr. 40-

41).

**E. Dennis Pollack, Ph.D.**

In February 2009, almost two years after onset, Dr. Pollack evaluated plaintiff. He reviewed records and administered tests. He diagnosed undifferentiated somatoform disorder, alcohol dependence in remission, cannabis dependence per Dr. Arnold's report, and a GAF of 57 indicating moderate symptoms or limitations (Tr. 447). Dr. Pollack assessed plaintiff as markedly limited in two areas: first, in the ability to perform activities within a schedule, maintain regular attendance, and be punctual, and second, in the ability to complete a normal workday, workweek, and perform at a consistent pace (Tr. 449). This opinion is contradicted by Dr. Arnold's.

Plaintiff contends the ALJ should have credited or properly rejected the marked limitations assessed by Dr. Pollack (ECF No. 18 at 15-16). The ALJ gave several reasons for rejecting the assessed marked limitations (1) plaintiff has never undergone any mental health treatment, nor mentioned any significant mental limitations; (2) the limitations cannot be measured, and (3) Dr. Pollack's accompanying report provides no support for the specific assessed limitations (Tr. 24).

Plaintiff asserts he was treated for depression at the CHAS clinic and prescribed effexor. He contends an evaluation by Samantha Lowderback, ARNP, and the two by Dr. Arnold show he has undergone mental health treatment (ECF No. 18 at 15).

Plaintiff's treatment record is scant at best. According to an August 2003 record from the CHAS clinic, Mr. Yoho complained of depression once. He reported he had never seen a mental health

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 14 -

counselor nor taken psychotropic medication. In 2003 and 2005, zoloft and effexor were prescribed, respectively. There is no indication plaintiff filled the zoloft prescription. In November 2005, he admitted he never filled the effexor prescription because it was too expensive and he had not completed his application for Basic Health insurance (Tr. 339). He failed to return for follow up treatment. In 2006 and again in 2007 plaintiff told Dr. Arnold he had not had any mental health treatment (ECF No. 21 at 15-16, citing Tr. 288, 330).

Evaluations are not treatment. The ALJ correctly relied on the inadequately explained lack of treatment when he rejected Dr. Pollack's contradicted assessed marked limitations.

An ALJ is not required to credit medical opinions that are unsupported by objective medical findings. *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1195 (9th Cir. 2004), citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The ALJ is correct that the only two (out of 20) limitations assessed as "marked" are not measurable. Dr. Pollack's opinion that plaintiff suffers two marked functional limitations is found on a check box form. It is inconsistent with his accompanying report opining plaintiff's symptoms or limitations are no more than moderate. An ALJ is not required to credit internally inconsistent opinions. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999)(internal inconsistencies are relevant evidence when weighing an opinion).

With respect to Dr. Mabee's opinion, the Commissioner concedes "the ALJ erred by not including Dr. Mabee's 'moderate' limitation in dealing with supervisors," but the error is

harmless:

> Plaintiff's counsel explicitly asked the [VE] at the
> hearing to consider Dr. Mabee's 'moderate' limitation
> in interacting with supervisors in an alternate hypo-
> thetical (Tr. 62-63). The [VE] responded that such a
> limitation would 'probably cause some erosion of the
> labor market' *but would not rule out all work* (Tr. 63).
> In other words, the ALJ's omission of this 'moderate'
> limitation, while error, was entirely harmless because
> it was irrelevant to the ALJ's ultimate disability
> conclusion.

(ECF No. 21 at 12-13)(emphasis added).

The error is harmless. At least one occupation is sufficient to support a finding that a claimant is not disabled. 20 C.F.R. § 416.966(b)[5]. The error is harmless because it is inconsequential to the ultimate nondisability determination, *Stout v. Comm'r. Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006), and because the underlying decision is supported by substantial evidence and other legally valid reasons, despite the error. *See Carmickle v. Comm'r. Soc. Sec. Admin*, 533 F. 3d 1155, 1162-1163 (9th Cir. 2008).

The ALJ properly weighed the evidence of psychological limitation.

**F. Physical limitations**

Plaintiff contends the ALJ should have credited treating doctor Sara Ragsdale, DO's October 2008 opinion that he is limited to sedentary work with exertional limitations (ECF No. 18 at 18). The Commissioner answers that plaintiff reported improvement in back pain in June 2008; DSHS assessments opined he was capable of medium work in 2003 and of "light-medium" work in 2007, and

---

[5]The regulation provides: "[w]ork exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications."

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                    - 16 -

1  plaintiff's lack of credibility supports the ALJ's assessed RFC
2  (ECF No. 21 at 20-22, citing Tr. 305, 324, 393, 401, 440 ).

3      The ALJ assessed plaintiff as capable of performing sedentary
4  work with additional nonexertional (mental) limitations (Tr. 22),
5  incorporating Dr. Ragsdale's basic RFC limiting plaintiff to
6  sedentary work. (Tr. 425, 441).

7      The ALJ properly assessed plaintiff's credibility and
8  considered it when he weighed the conflicting medical evidence.
9  Plaintiff's claim he has suffered years of allegedly disabling
10  back pain in contradicted by very sporadic medical treatment.
11  Citing *Burch v. Barnhart*,400 F.3d 676, 681 (9th Cir. 2005), the
12  Commissioner accurately points out the type and amount of
13  treatment a claimant seeks "is powerful evidence regarding the
14  extent to which [he] was in pain." ("[Burch] had not had any
15  treatment for her back for about three or four months.")(ECF No.
16  21 at 21).

17      Plaintiff's unexplained lack of treatment, lack of
18  credibility, and activities fully support the ALJ's assessed RFC.

19      ALJ is responsible for reviewing the evidence and resolving
20  conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881
21  F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact,
22  not this court, to resolve conflicts in evidence. *Richardson*, 402
23  U.S. at 400. The court has a limited role in determining whether
24  the ALJ's decision is supported by substantial evidence and may
25  not substitute its own judgment for that of the ALJ, even if it
26  might justifiably have reached a different result upon de novo
27  review. 42 U.S.C. § 405(g).

28      The Court finds the ALJ's assessment of the evidence and of

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 17 -

1 | plaintiff's credibility is supported by the record and free of
2 | legal error.

3 | **CONCLUSION**

4 | Having reviewed the record and the ALJ's conclusions, this
5 | court finds that the ALJ's decision is free of legal error and
6 | supported by substantial evidence.

7 | **IT IS ORDERED:**

8 | 1. Defendant's Motion for Summary Judgment **(ECF No. 20)** is
9 | **GRANTED.**

10 | 2. Plaintiff's Motion for Summary Judgment **(ECF No. 17)** is
11 | **DENIED.**

12 | The District Court Executive is directed to file this Order,
13 | provide copies to counsel, enter judgment in favor of defendant,
14 | and **CLOSE** this file.

15 | DATED this 5th day of July, 2011.

16 |

17 | s/ James P. Hutton
    | JAMES P. HUTTON
18 | UNITED STATES MAGISTRATE JUDGE

19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                    - 18 -